Gaston, Judge.
 

 — In the case of
 
 Gillespie
 
 v.
 
 Hymans,
 
 4 Dev. Rep. 119, it was determined, that a widow whose husband died intestate, could not claim a year’s provision out of his estate, unless her petition was filed at the term when administration was granted. The Court left open the question, at what time a widow who
 
 dissents
 
 from her husband’s will, and who, it is declared by our act of 1827, ch. 13, “ shall be entitled to, and shall recover out of the estate of her husband, one year’s provision,
 
 in the sams manner
 
 that she would have done, if her husband had died intestate,” is bound to prefer her petition. The record in this case shows, that the widow preferred her petition at March Term, 1834, of Chowan County Court, and by her petition set forth, that her husband’s will was proved at the preceding term, and that at the term of filing the petition, she dissented therefrom. If we take the
 
 words
 
 only of the act of 1827, there is no limitation to the time when the widow who dissents shall demand her year’s provision. She shall recover it in like manner as she would have done if her husband had died intestate; and when her husband dies intestate, she is to petition at the same court, when
 
 letters of administration
 
 are granted. Unable by any construction to adhere to the
 
 words
 
 of the act of 1827, we are driven to the necessity of fixing such an interpretation upon the act, as seems most consistent with the general intention of the legislature.
 

 The practice of dissent by a widow from the will of her husband, was introduced by our act of 1784
 
 (Rev. ch.
 
 204, sec. 8). Before that act, widows were entitled to be endowed of one-third of all the lands whereof their husbands were seised at any time during the coverture ; and no provision made for a widow by will, unless made in lieu and satisfaction of dower, and then because of her election, to take it as such, constituted a legal bar to the demand for dower. Among very important changes
 
 *256
 
 made by that act, the widow’s claim to dower was restricted to the lands whereof her husband died seised, an<^ a
 
 testamentary
 
 disposition made in her favour by her deceased husband, was a legal
 
 bar
 
 to dower, unless she signified her dissent thereto before a Judge, or in open Court of the County, within six months after probate of his will. The first act of our legislature in relation to the year’s provision for the widow, was made in 1896,
 
 (Rev. ch.
 
 469,) and none of the acts on the subject (unless that in question be one,) have any reference to, or necessary connection with, those relative to dower.
 
 This
 
 act, in speaking of
 
 dissents,
 
 unquestionably means dissents signified in open Court, or before a Judge, as required by the act of 1784. So far the latter act is necessarily referred to. But the act of 1827, goes on to provide, that the widow so dissenting, shall be entitled to, and recover a year’s provision in the same manner as if her husband had died intestate. The widow of an intestate is not entitled, and cannot recover, unless she prefer her petition
 
 at least
 
 as soon as a representative of that estate is appointed and qualified. We have had occasion to notice in
 
 Gillespie
 
 v.
 
 Hymans,
 
 the manifest design of the legislature to secure this provision, as the means of subsistence
 
 to the
 
 widow during the first year of her destitution, and their solicitude that it shall be made before the representative of the estate of the deceased shall enter upon the administration of the assets. We cannot presume that it was intended to place the widow dissenting in a better situation than the widow of an intestate, or to subject the executor to difficulties and embarrassments from which the administrator was so sedulously protected. We are therefore led to the conclusion, that to entitle the widow, when herhusband has left a will, to claim a year’s allowance, she must dissent and petition at the term when the will is proved.
 

 There is no doubt, but that a
 
 certiorari
 
 would have been an appropriate remedy for the plaintiff in this case aga'nst illegal allowance made to the widow. But where the unlawful act is absolutely void (according to the case of
 
 Whitley
 
 v.
 
 Black, 2
 
 Hawks, 179,) the Court in which it takes place may, on motion, declare the act
 
 *257
 
 void. Such appears to us the character of the act done in the present case. The County Court had
 
 no power
 
 to make the year’s allowance upon the petition exhibited, and upon discovering that it had unwittingly transcended its power, it might rightfully order a
 
 vacatur
 
 to be entered of its proceedings.
 

 This Court reverses the judgment of the Superior Court, and affirms that of the County Court, setting aside the report and confirmation thereof, on the petition of Harriet Beasley.
 

 Per Curiam. Judgment reversed.